FILED
U.S. DISTRICT COURT
SAVANNAH DIV.
2014 AUG 27 AM 11:59
CLERK _B. West_
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| DONALD H. BAILEY,<br><br>Plaintiff,<br><br>v.<br><br>HAKO-MED USA, INC. and KAI HANSJURGENS,<br><br>Defendants. | CASE NO. CV411-191 |

# O R D E R

Before the Court is the Bankruptcy Judge's Report and Recommendation, advising this Court to withdraw its referral of this case, find Defendant Kai Hansjurgens in contempt, and impose sanctions. (Doc. 1.) Defendant Hansjurgens has responded in opposition to the Report and Recommendation. (Doc. 3.)

In this case, Defendants were named in an adversary proceeding commenced on behalf of Debtor Donald H. Bailey. Bailey v. Hako-Med USA, Inc., Case No. 09-4002, Doc. 1 (Jan. 1, 2009) (Bankr. S.D. Ga.) (Davis, J.). The Bankruptcy Court resolved this matter in its November 18, 2010 Order, which granted Debtor punitive damages based on Defendants' conduct. Id., Doc. 95 (Nov. 18, 2010). However, the Bankruptcy Court elected to conduct a separate trial to determine the appropriate amount of punitive damages. Id.

In order to determine the amount of any punitive award, the Bankruptcy Court issued a Scheduling Order permitting post-judgment discovery. Id., Doc. 112 (Jan. 5, 2011). After Defendants were properly served with discovery requests, the Bankruptcy Court determined that Defendants' responses were inadequate. Id., Doc. 137 (Mar. 3, 2011). As a result, the Bankruptcy Court directed Defendants to "produce all truthful responses to the interrogatories and document production requests served upon them by Plaintiff" and to personally appear at the March 8, 2011 trial. Id. at 3. However, Defendants once again failed to provide adequate discovery responses. Id., Doc. 145 (Apr. 7, 2011). Moreover, Defendants ignored the Bankruptcy Court's order to appear at the March 8, 2011 trial. Id.

Based on Defendants' conduct, the Bankruptcy Court entered a Preliminary Order on Debtor's Motion for Contempt. Id., Doc. 167 (May 26, 2011). In that order, the Bankruptcy Court scheduled a hearing for June 7, 2011 and notified Defendants that they could "prevent a finding of contempt, or ameliorate the severity of contempt sanctions, by producing the required discovery at or before the [] hearing." Id. at 15. Despite being provided with notice and the opportunity to be heard regarding the issue of

contempt, Defendants once again failed to appear.  (Doc. 1 at 7.)

After careful consideration of both the Report and Recommendation and Defendant Hansjurgens's response, the Court adopts the Report and Recommendation as its opinion in this case and finds Defendant Hansjurgens in contempt. Accordingly, Defendant Hansjurgens **SHALL** have **THIRTY DAYS** from the date of this order to purge himself of contempt by providing to the Bankruptcy Court the requested discovery as outlined in its April 7, 2011 Order in Bailey v. Hako-Med USA, Inc., Case No. 09-4002 (Apr. 7, 2011) (Bankr. S.D. Ga.) (Davis, J.).  Should Defendant Hansjurgens fail to purge himself of his contempt in this fashion, on the **THIRTY-FIRST DAY** from the date of this order he **SHALL** voluntarily surrender to the United States Marshals Service at a federal courthouse of his convenience.  If Defendant Hansjurgens fails to either purge himself of the contempt or voluntarily surrender within the time allotted, the Court **SHALL** immediately issue a warrant for his arrest.  In addition, Defendant Hansjurgens **SHALL** be required to pay any reasonable expenses, including attorney's fees, caused by his failure to comply with the Bankruptcy Court's order. Such fees **SHALL** be determined by the Bankruptcy Court.

The Clerk of Court is **DIRECTED** to mail a copy of this order and a copy of the Report and Recommendation to Defendant Hansjurgens. In addition, The United States Marshals Service is **DIRECTED** to serve Defendant Hansjurgens with the same documents. The Clerk of Court is **DIRECTED** to close this case.

SO ORDERED this 27th day of August 2014.

WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA